TODD A. PICKLES (SBN 215629)
picklest@gtlaw.com
ROBERT CHARROW (SBN 44962)
charrowr@gtlaw.com
GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA 95814
Tel: 916.442.1111
Fax: 916.448.1709

MICHAEL R. SKLAIRE (*pro hac vice* to be filed)
sklairem@gtlaw.com
AARON M. LEVIN (*pro hac vice* to be filed)
levinaa@gtlaw.com
GREENBERG TRAURIG, LLP
1750 Tysons Boulevard Suite 1000
McLean, Virginia 22102
Telephone:  703.749.1300
Facsimile:  703.749.1301

[See signature page for additional counsel]

Counsel for Plaintiff, Behring Regional Center LLC

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BEHRING REGIONAL CENTER LLC,<br><br>   Plaintiff, v.<br><br>ALEJANDRO MAYORKAS,<br>in his official capacity as Secretary of the Department of Homeland Security, et al.,<br><br>   Defendants. | CASE NO. 3:20-cv-09263-JSC<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>**[NDCA L.R. 3-12]** |
| BEHRING REGIONAL CENTER LLC,<br><br>   Plaintiff,<br>v.<br><br>ALEJANDRO MAYORKAS, in his official capacity as Secretary of the Department of Homeland Security, et al.,<br><br>   Defendants. | CASE NO. 3:22-cv-01049-TSE |

**TO THIS HONORABLE COURT AND TO THE PARTIES AND THEIR COUNSEL OF RECORD:**

Plaintiff Behring Regional Center LLC ("BRC") hereby moves pursuant to Local Rules 3-12 and 7-11 for the Court to consider whether the following cases should be related:

(1) *Behring Regional Center LLC v. Alejandro Mayorkas, et al.*, 3:20-cv-09263 JSC (hereinafter "*BRC I*"); and

(2) *Behring Regional Center LLC v. Alejandro Mayorkas, et al.*, 3:22-cv-01049-TSE ("hereinafter *BRC II*")

**A. Whether the Actions Concern Substantially the Same Parties, Property, Transaction, or Event.**

Both *BRC I* and *BRC II* involve a challenge by the same plaintiff, BRC, relating to final agency actions taken by the same defendants, the Secretary of the Department of Homeland Security ("DHS") and the Director of United States Citizenship & Immigration Services ("USCIS"), in their official capacities, amongst other government officials, relating to the same EB-5 Immigrant Investor Program.

In *BRC I*, BRC, which is a regional center that participates in the EB-5 Program, filed a lawsuit under the Administrative Procedures Act ("APA") against the Secretary of DHS,[1] the Director of USCIS, and the Policy Branch Chief of the Immigrant Investor Program Office, each in their official capacities. *See BRC I*, 3:20-cv-09263 JSC at ECF No. 1. The focus of the claims by BRC in *BRC I* was a rule promulgated by DHS relating to the criteria for the EB-5 Program. BRC claimed that the rule promulgated by DHS was arbitrary and capricious and contrary to law, including in relation to the Federal Vacancies Reform Act. BRC sought declaratory and injunctive relief. The Court granted judgment in favor of BRC.

In *BRC II*, BRC has filed suit under the APA against the Secretary of DHS and the Director of the USCIS, along with the Secretary of State and the Assistant Secretary of State, each in their official capacities. *See BRC II*, 3:22-cv-01049-TSE at ECF No. 1. The focus of the claims by BRC in *BRC II* is a decision by DHS to refuse to accept applications for the EB-5 Program from regional centers based

---

[1] The original named lead defendant in *BRC I* was Chad Wolf, then acting Secretary of DHS. After Secretary Majorkas was confirmed by the Senate, he was substituted in as the lead defendant in *BRC I* pursuant to Federal Rule of Civil Procedure 25(d).

upon DHS's interpretation of the EB-5 statute. DHS's decision has in turn caused the State Department to cease to issue visas in relation to EB-5 Program as it concerns regional centers. BRC claims that this decision, which constitutes an agency action, is in violation of the plain meaning of the statute. BRC seeks declaratory and injunctive relief.

BRC is being represented by the same counsel in both matters and the government defendants are represented by the same counsel from Department of Justice in both matters.

### B. Whether it Appears Likely that There will be an Unduly Burdensome Duplication of Labor and Expense or Conflicting Results if the Cases are Conducted Before Different Judges.

In *BRC I*, there was substantial briefing and argument presented to the Court concerning the overall history and structure of the EB-5 Program, including its statutory foundation and the scope of the Program. There was significant factual presentation in *BRC I*, including a declaration by BRC, concerning BRC's participation as a regional center in the Program and the effects upon BRC due to the rule promulgated by DHS; effects that are the same or similar to those caused by DHS's currently changed rule. DHS also presented facts with regard to participation by regional centers such as BRC in the EB-5 Program. Lastly, the parties also briefed the legal standards and issues relating to agency actions under the APA in *BRC I* and remedies.

Given this history of *BRC I* and the same issues that will be attendant in *BRC II*, there will be a commonality of facts between *BRC I* and *BRC II* with respect to the history and structure of the EB-5 Program, BRC's participation in the program, and the effects upon BRC due to DHS's decisions with respect to the rule at issue in *BRC II*. Further, the statutory authority for the EB-5 Program, and the legal standards and some of the pertinent authorities with respect to challenges under the APA will or are likely to be the same *BRC I* and *BRC II*.

Overall, given the amount of the parties' and Court's time already expended in relation to an understanding of the EB-5 Program, BRC's status a regional center, and the legal basis for the similar challenges to rules enacted by DHS with respect to the EB-5 Program under the APA, and the Court's familiarity with the parties and counsel, BRC believes that there will be substantial judicial efficiencies if *BRC II* is related to *BRC I*. As such, pursuant to its obligations under Rule 3-12(b), BRC moves for the Court to consider whether to relate the above-captioned actions.

Dated: March 4, 2022                              Respectfully submitted,

By:  */s/ Todd A. Pickles*
        TODD A. PICKLES (SBN 215629)
        picklest@gtlaw.com
        ROBERT CHARROW (SBN 44962)
        charrowr@gtlaw.com
        GREENBERG TAURIG, LLP
        1201 K Street, Suite 1100
        Sacramento, CA 95814
        Tel: 916.442.1111
        Fax: 916.448.1709

        MICHAEL R. SKLAIRE (*pro hac vice* to be filed)
        sklairem@gtlaw.com
        AARON M. LEVIN (*pro hac vice* to be filed)
        levinaa@gtlaw.com
        GREENBERG TRAURIG, LLP
        1750 Tysons Boulevard, Suite 1000
        McLean, Virginia 22102
        Telephone:  703.749.1300
        Facsimile:  703.749.1301

        SARAH M. MATHEWS (*pro hac vice* to be filed)
        mathewss@gtlaw.com
        GREENBERG TRAURIG, LLP
        1144 15th Street, Suite 3300
        Denver, Colorado 80202
        Telephone:  303.572.6500
        Facsimile:  303.572.6540

        *Attorneys for Plaintiff*

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED